

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

May 6, 1959

Honorable Robert S. Calvert        Opinion No. WW-616
Comptroller of Public Accounts
Capitol Station                    Re:  Whether Comptroller of
Austin, Texas                           Public Accounts has the
                                        power to invoke against
                                        the taxpayer the $25
                                        penalty provided in Sec-
                                        tion 12 of Article 7047
                                        1-1, VCS (providing an
                                        excise tax on the sale
                                        of radio and television
                                        sets) and require its
                                        payment under the bond
Dear Mr. Calvert:                       without a court judgment.

        We quote from your opinion request as follows:

"Section 6 (a) of House Bill 630, Acts of the Regular
Session of the 54th Legislature provides in part as
follows:

        'The said bond shall be payable to the State of
Texas, and conditioned upon the full, complete, and
faithful performance by the retailer of all the condi-
tions and requirements imposed upon him by this act,
or the rules and regulations of the Comptroller pro-
mulgated hereunder, on a form to be prescribed by the
Comptroller expressly providing for the performance of
said obligations, and the remittance and/or payment at
Austin, Travis County, Texas, of all taxes collected
and required to be collected for the use and benefit
of the State, all taxes due upon the use of radios or
television sets by said retailer, and all costs, pen-
alties, and interest provided in this Act, provided,
however, that in any event the total of all recoveries
under such bond for any and all breaches of its condi-
tions occurring at any time while it remains in force
to support a permit, shall not for any fiscal year
exceed the penal sum named therein, . . .'

"Section 12 provides in part as follows:

        'If any person affected by this Act (a) shall fail
to pay to the State of Texas any tax due and owing

under the provisions of this Act, or. . .(h) shall fail to make and deliver to the Comptroller any return or report required herein to be made and filed or (i) shall fail or refuse to comply with any provision of this Act or shall violate the same, or (j) shall fail or refuse to comply with any rule and regulation promulgated hereunder by the Comptroller or violate the same, he shall forfeit to the State of Texas as a penalty the sum of not less than Twenty-five Dollars ($25) nor more than Five Hundred Dollars ($500). Each day's violation shall constitute a separate offense and incur another penalty, which, if not paid shall be recovered in a suit by the Attorney General in a court of competent jurisdiction in Travis County, Texas, or any other court of competent jurisdiction having venue under existing venus Statutes. Provided that in addition to the penalties shown, if any retailer does not make remittance for any taxes collected, or pay any taxes due the State of Texas by said retailer, within the time prescribed by law, said retailer shall forfeit to the State two per cent (2%) of the amount due; and if said taxes are not remitted or paid within twenty (20) days from the date due, an additional penalty of eight per cent (8%) shall be forfeited. All past due taxes and penalties shall draw interest at the rate of six per cent (6%) per annum.'

"The question has arisen in this Department as to whether the Comptroller has the power or authority to invoke the $25 penalty, first mentioned above in Section 12, against the taxpayer and require its payment under the bond without a court judgment."

House Bill 630, 54th Leg., which is codified as Article 7047 1-1, provided an excise tax on sales of radio and television sets. To paraphrase Section 12, quoted above, any person who fails to pay the tax provided by the Act, or who is guilty of any of the acts or omissions specified, shall forfeit to the State of Texas as a penalty the sum of not less than $25 nor more than $500, and each day's violation shall constitute a separate offense and incur another penalty, which, if not paid, shall be recovered in a suit by the Attorney General. It is clear from this language that it is not necessary to file suit or take judgment before assessing the penalty against the taxpayer.

The obligors in a bond executed pursuant to a statute are presumed to have known the terms of the statute and to have contracted accordingly. 7 Tex. Jur. Section 24,

p. 86. Section 6 (a) of House Bill 630, 54th Leg., states unequivocably that the bonds in question are conditioned upon the remittance of all penalties provided in the Act. The Act does not require a judgment as a prerequisite to the collection of a penalty under a bond. Consequently, you are advised that the Comptroller of Public Accounts may invoke the penalty provided in Sec. 12 of Article 7047 1-1 against the taxpayer and require its payment under the bond required by Sec. 6 of said Article without a court judgment.

### SUMMARY

The Comptroller of Public Accounts of the State of Texas has the power and authority to invoke the penalty provided for in Section 12 of Article 7047 1-1 V.C.S. and require its payment under the bond required by such Article without a court judgment.

Yours very truly,

WILL WILSON
Attorney General

By
Jack N. Price
Assistant

JNP:bct

APPROVED:

OPINION COMMITTEE:
Geo. P. Blackburn, Chairman

Ralph Rash
Jot Hodges, Jr.
John Reeves
Kenneth Burns

REVIEWED FOR THE ATTORNEY GENERAL

By: W. V. Geppert